UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL WEINGAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HARLAND FINANCIAL SOLUTIONS, INC.,<br><br>　　　　　Defendant. | Case No. 11-cv-03109 EMC (NC)<br><br>**ORDER GRANTING HARLAND'S REQUEST FOR MEDICAL RELEASE AND DENYING HARLAND'S REQUEST FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 27 |

　　　　The parties filed a joint discovery letter in which Harland requests an order compelling Weingand to sign a release that would allow Harland to obtain Weingand's medical records. Harland also requests an award of attorneys' fees to compensate it for its efforts to obtain the release. Weingand opposes the requests, arguing that his medical records are privileged and that Harland may obtain discovery on Weingand's emotional distress from other sources. Because Weingand's medical records are relevant to two of the claims in the complaint, and because the records are not subject to the physician-client privilege under California law, Harland's request for an order compelling Weingand to sign a medical release is GRANTED. Harland's request for attorneys' fees is DENIED, as Harland has not established that sanctions are warranted.

//

**A.   Weingand's medical records are relevant to the claims in this action under Rule 26**

A party may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense. FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Here, Weingand's medical records fall within the scope of discoverable information under Rule 26, as they are relevant to two of the claims Weingand brings against Harland. Weingand brings six counts against Harland for retaliation, wrongful termination, and related claims in violation of various California laws. Notice of Removal, Ex. A, Complaint, Dkt. No. 1. The medical records requested by Harland are relevant to two of these counts. Count three alleges violations of the California Family Rights Act (CFRA) and states that Weingand was entitled to take CFRA leave for his "serious condition" but Harland retaliated against him for taking such leave. *Id.* ¶¶ 59-60. Count six is for intentional infliction of emotional distress and states that Harland's acts were "extreme and outrageous" and caused him "severe emotional distress, as evidenced by [Weingand's] medical record." *Id.* ¶ 84.

**B.   Weingand's records are not protected by the physician-patient privilege**

Weingand argues that his medical records are privileged and not subject to discovery. He contends that he has not waived privilege with respect to his medical records because he "intends to rely solely on non-medical testimony to support his garden-variety emotional distress damages claims."[1] Dkt. No. 27 at 6. The Court finds that Weingand's medical records are not subject to the physician-patient privilege recognized by California law because Weingand waived such privilege by bringing claims against Harland for CFRA violations and for intentional infliction of emotional distress.

A patient, whether or not a party to an action, "has a privilege to refuse to disclose, and to

---

[1] In the parties' joint discovery letter, Weingand contends that his claims against Harland are for violations of "state and federal civil rights related to his disciplines and termination from Harland Financial." Dkt. No. 27 at 5. Each of the claims in Weingand's complaint, however, arises out of California law only. Dkt. No. 1, Ex. A. Accordingly, California law applies to Weingand's privilege claims with respect to his medical records.

Case No. 11-cv-03109 EMC (NC)
ORDER GRANTING REQUEST
FOR MEDICAL RELEASE

2

prevent another from disclosing, a confidential communication between patient and physician . . ." CAL. EVID. CODE § 994 (titled "Physician-patient privilege"). "The whole purpose of the [physician-patient] privilege is to preclude the humiliation of the patient that might follow disclosure of his ailments. When the patient himself discloses those ailments by bringing an action in which they are in issue, there is no longer any reason for the privilege." *Palay v. Superior Court*, 22 Cal. Rptr. 2d 839, 844 (Cal. Ct. App. 1993). Accordingly, the physician-patient privilege does not apply "as to a communication relevant to an issue concerning the condition of the patient if such issue has been tendered by . . . the patient." CAL. EVID. CODE § 996 (titled "Patient-litigant exception").

Here, Weingand put his medical conditions at issue by suing Harland for CFRA violations and intentional infliction of emotional distress; accordingly, he waived the physician-patient privilege with respect to any medical records concerning the medical conditions that gave rise to these claims. *See*, *e.g.*, *Rhodes v. County of Placer*, 09-cv-00489, 2011 WL 130160, at *5 (E.D. Cal. Jan. 14, 2011) (holding that the plaintiff waived privilege as to her medical records by bringing claim for intentional infliction of emotional distress and ordering the production of relevant medical records). The extent of the waiver depends on the nature and date of origination of Weingand's medical conditions as alleged in the complaint. Because Weingand's allegations with respect to the medical conditions at issue are vague, the extent of the waiver is correspondingly large. In the complaint, Weingand does not specify the nature or the date of origination of the medical conditions at issue in this action. Weingand alleges merely that he suffers from a "serious condition" that entitled him to CFRA leave, and that Harland's actions caused him "severe emotional distress, as evidenced by [Weingand's] medical record." *Id.* ¶¶ 59-60, 84.

The Court finds that the scope of the medical release proposed by Harland is appropriate given the vagueness of Weingand's allegations with respect to the medical conditions at issue. *See* Dkt. No. 27, Ex. A, Proposed Release (calling for "any and all records, information and evidence in their possession regarding Mr. Weingand's psychological conditions, mental conditions, and mental health treatments and history of same from January 1, 2005 through the

1  present"). Unless Weingand amends his complaint with the approval of District Judge Chen to
2  eliminate or reduce the scope of these allegations, Weingand must sign the medical release form
3  proposed by Harland and attached to the parties' joint discovery letter as exhibit A by May 15,
4  2012.
5        IT IS SO ORDERED.

7  Date: May 1, 2012

      Nathanael M. Cousins
8        United States Magistrate Judge