UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL WEINGAND, | Case No. 11-cv-03109 EMC (NC) |
| Plaintiff, | **ORDER RE: LOCATION OF SCOTT HOLMES' DEPOSITION** |
| v. | Re: Dkt. No. 71 |
| HARLAND FINANCIAL SOLUTIONS, INC., | |
| Defendant. | |

The parties filed a joint letter in which Harland requests that the deposition of Harland employee Scott Holmes take place in Ohio, the place of his residence and employment, or by telephone or videoconference. Harland argues that because Holmes is not an officer, director, or a managing agent of Harland, Holmes must be subpoenaed for deposition under Federal Rule of Civil Procedure 45 at a location within 100 miles of his residence. Weingand opposes the request, arguing that he may set the place for Holmes' deposition because Holmes is a managing agent of Harland. Weingand wants to take Holmes' deposition in San Francisco.

The place of a deposition is governed by Federal Rules of Civil Procedure 45(b)(2) and 26(c)(1)(B). If the deponent is party to the action, the examining party may set the place for the deposition wherever he or she wishes subject to the power of the court to grant a protective order

Case No. 11-cv-03109 EMC (NC)
ORDER RE: HOLMES' DEPOSITION

1 under Rule 26(c)(1)(B) designating a different place.  This is because a subpoena compelling the
2 deponent's attendance at the deposition is not required when the deponent is a party.
3 　　　　If the deponent is not a party and does not consent to attend the deposition, the examining
4 party may not set the place of the deposition "more than 100 miles from where that person
5 resides, is employed, or regularly transacts business in person."  FED. R. CIV. P. 45(c)(3)(A)(ii).
6 This is because a nonparty deponent's attendance at a deposition must be compelled by subpoena
7 under Rule 45, and any subpoena that requires a person subject to it to travel more than 100 miles
8 from the place of his residence or employment, or the place where he normally conducts business,
9 must be quashed or modified.  *Id.*
10 　　　　Here, the question presented is whether Weingand may depose Holmes in San Francisco
11 even though Holmes resides in Ohio.  The resolution turns on whether or not Holmes is a party to
12 this action.  The definition of "party" includes a party's officers, directors, and managing agents.
13 *See* 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §
14 2107 (3d ed. Supp. 2012) ("Though Rule 30 does not say so expressly, a subpoena is not
15 necessary if the person to be examined is a party or an officer, director, or managing agent of a
16 party.").  Weingand states conclusorily that Holmes has the authority to set attendance, discipline,
17 and other policies for Harland employees and therefore is a managing agent of Harland.  Harland
18 argues that Holmes is not a managing agent because he has "limited managerial responsibilities"
19 over six Harland employees and does not set company policies or speak for Harland as a
20 corporation.
21 　　　　The court finds that because Weingand has not shown that Holmes has authority to act on
22 behalf of Harland or to answer for Harland, Holmes is not a party to this action within the
23 meaning of Rule 30.  Accordingly, Holmes must be subpoenaed for deposition under Federal
24 Rule of Civil Procedure 45 at a location within 100 miles of his residence.  Alternatively, his
25 deposition may be conducted via telephone or videoconference.
26 　　　　IT IS SO ORDERED.
27 　　　　Date: July 27, 2012                               _____
28 　　　　　　　　　　　　　　　　　　　　　　　　Nathanael M. Cousins
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Case No. 11-cv-03109 EMC (NC)
ORDER RE: HOLMES' DEPOSITION　　　　　　　2