UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL WEINGAND,

    Plaintiff,

v.

HARLAND FINANCIAL SOLUTIONS, INC., *et al.*,

    Defendants.

No. C-11-3109 EMC

**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT HARLAND'S FIRST, SECOND, FOURTH, FIFTH, AND SEVENTH COUNTERCLAIMS**

**(Docket No. 69)**

## I. INTRODUCTION

On June 19, 2012, this Court granted Defendant Harland's motion for leave to file an amended answer asserting these counterclaims, Docket No. 55, which Defendant filed on June 20, 2012, Docket No. 56. Harland's counterclaims are based on Defendant's allegations that, after his employment with Harland as a Senior Field Engineer was terminated, Plaintiff "accessed, without authorization, over 2,700 business files belonging to Harland, its clients, and/or third-party software vendors some or all of which contained NPI [non-public information], copyrighted information, and/or confidential and propriety information." Counterclaim ¶ 14. Defendant also alleges that Plaintiff accessed and copied Harland's licensed OnBase software, which it contends he now uses in his own business after he was terminated from Harland. *Id.* ¶¶ 18-19. Defendant alleges that Plaintiff thereby violated his obligation to "maintain the secrecy of Harland's confidential and proprietary information not only while employed by Harland but also after his employment ended." *Id.* ¶ 9.

Now pending before the Court is Plaintiff Weingand's motion to dismiss Defendant Harland's First, Second, Fourth, Fifth, and Seventh Counterclaims. Docket No. 69. Pursuant to Civil Local Rule 7–1(b), the Court determines that the matters are appropriate for resolution without oral argument, and **VACATES** the hearing. For the reasons set forth below, the Court **DENIES** Plaintiff's motion to dismiss.

## II. DISCUSSION

### A. Legal Standard

Under Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. Of Bus. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

### B. Motion to Dismiss

Plaintiff argues that Defendant has failed to state a plausible claim for relief as to five of its counterclaims. However, in previously granting Defendant's motion for leave to file its counterclaims, the Court rejected many of the arguments Plaintiff reasserts here. As the Court noted in that order, the standard for whether a proposed amended complaint is futile under Rule 15 is equivalent to the standard for dismissal under Rule 12. *See* Order, Docket No. 55, at 2-3.

2

Accordingly, the Court has already rejected the bulk of Plaintiff's arguments, with only a couple exceptions as detailed below.

1. <u>CFAA</u>

With respect to Defendant's Computer Fraud and Abuse Act ("CFAA") claim, 18 U.S.C. § 1030, Plaintiff argued in opposition to Defendant's motion for leave that Defendant failed to state a claim because Defendant failed to plausibly allege that the CFAA covered Plaintiff's conduct. The Court rejected that argument, finding that "the counterclaim creates at least a reasonable inference that his authorization extended only to accessing and copying [] 'personal files' and that he exceeded that authorization." Order at 4 (citing, *e.g.*, *United States v. Nosal*, 676 F.3d 854, 857 (9th Cir. 2012)). The Court also acknowledged, and declined to adopt, Plaintiff's argument that verbal authorization could not be the sort of authorization covered by the CFAA. The Court concluded that

> although *Nosal* clearly precluded applying the CFAA to violating restrictions on *use*, it did not preclude applying the CFAA to rules regarding *access*. Nor did it speak to the situation presented here, where Plaintiff was no longer employed by Defendant and allegedly no longer had generalized authorization or permission to access files, including the files in question. Moreover, the exact nature and scope of Plaintiff's authorization as a factual matter (verbal, physical, or otherwise), is not properly before the Court based on the pleadings alone, and thus a precise delineation of whether the events in question may or may not be covered under the statute is premature . . . .

Order at 5. Plaintiff's arguments in support of his motion to dismiss simply re-hash those the Court has already rejected in its prior Order, and again invite the Court to consider factual questions such as, *e.g.*, the nature and scope of Plaintiff's authorization, what files could be construed to be personal files, and whether his conduct could be construed to exceed Defendant's authorization. These are factual questions appropriate for summary judgment.[1] Indeed, the Court noted later in its order that

---

[1] Plaintiff also argues in his brief that a provision of the employee Code of Conduct renders Defendant's claim implausible because it states that an employee has no expectation of privacy with respect to any materials on the employer's computer. Plaintiff argues that this renders Defendant's distinction between personal and business files irrelevant. This argument is nonsensical, as an employee's expectation of privacy has no bearing on his level of access to certain types of files. Whether Plaintiff had an expectation of privacy in his "personal" files does not determine whether he had *access* to those or other files. In addition, the fact that the *employer* had rights to all files, whether "personal" or "business," is irrelevant to the question of whether Plaintiff had any rights to those files. This argument is thus unpersuasive.

3

1 to the extent Rule 9(b) applied and mandated particularized allegations, Defendant's allegations
2 satisfied that standard as they alleged specific details of Plaintiff's allegedly unauthorized access.
3 *See* Order at 11 ("Defendant has provided significant detail as to when, where, and what Plaintiff
4 accessed and copied."). The Court reaffirms its prior holding that Defendant has stated a plausible
5 claim for relief under the CFAA. Plaintiff's motion to dismiss this claim is **DENIED**.

    2. <u>Penal Code § 502</u>

    Second, Plaintiff argued previously that Defendant's California Penal Code § 502 claim was futile "because § 502 applies only to activities related to 'hacking,' while Plaintiff was explicitly granted access from Harland's employee Julie Vernali." Order at 6. The Court rejected that argument, and held it could not conclude as a matter of law that

> Plaintiff's alleged conduct beyond his conditional access to Defendant's computer for the purpose of obtaining files he did not have authority to access is outside the scope of § 502. This ruling, however, is without prejudice to a *Rule 56 motion for summary judgment with more complete briefing and factual development* regarding, *e.g.*, the level of access Plaintiff actually obtained, whether Defendant actually placed any restrictions on said access, and whether the established conduct in fact violated § 502.

Order at 9 (emphasis added). Plaintiff's motion to dismiss raises the same argument and cites to the same authority already addressed in the prior Order; the Court remains unable to adjudicate this claim without factual development. Plaintiff's motion to dismiss this claim is **DENIED**.

    3. <u>Breach of Contract</u>

    Plaintiff next contends that Defendant's breach of contract claim is implausible because it relies on the M&F Code of Conduct, which explicitly states that it does not create contractual employment rights. As the Court noted in its prior Order, "the counterclaim states that Plaintiff was employed at Harland; that part of his 'employment was governed in part by express and implied agreements,' including, *inter alia*, 'the M&F Worldwide Corp. Code of Business Conduct'; that he agreed to be bound by said code of conduct in 2008, which included a duty to 'maintain the secrecy of the Company's confidential and proprietary information'; and that Plaintiff violated said code of conduct by accessing, copying, and failing to return said information after his employment was terminated." Order at 10 (citing Counterclaim ¶¶ 8-10, 14-22).

Plaintiff points out that this Code of Conduct, attached to the Amended Couterclaims, states,

> **This Code of Business Conduct is not an employment contract.** Adherence to the standards of this Code, however, is a condition of your continued employment. This Code does not give you rights of any kind, and may be changed by the Company at any time without notice. Unless governed by a collective bargaining agreement or employed outside the United States in a country where the applicable law is different, or unless you have a specific employment contract that states otherwise, employment with the Company is "at-will," which means that you or the Company may terminate your employment for any reason or no reason, with or without notice, at any time. This at-will employment relationship may not be modified except in a written agreement signed by you and by an authorized representative of the Company.

Counterclaim, Ex. 1, at 5 (emphasis added). However, this provision does not render Defendant's breach of contract claim implausible for several reasons. First, and most importantly, the provision does not expressly govern the precise circumstance presented here, as Defendant's claim does not touch on Plaintiff's at-will status. Thus, the fact that the Code of Conduct does not create an *employment contract* – in that it does not create an exception to at-will employment – does not mean it does not create a contract of any sort. Indeed, the plain language above indicates that Plaintiff's compliance with the Code is a "condition of [his] continued employment." *Id.* Second, the California Supreme Court has held that provisions in an employer's manual or other policy document may sometimes be contradicted by other evidence indicating the parties' mutual intent to form a contractual obligation. *See Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 339 (2000) ("Cases in California and elsewhere have held that at-will provisions in personnel handbooks, manuals, or memoranda do not bar, or necessarily overcome, other evidence of the employer's contrary intent."). Thus, whether the parties intended to form a contract governing Plaintiff's treating of Defendant's confidential information is a question of fact, notwithstanding the evidence in the Code of Conduct. Third, Defendant's counterclaim expressly alleges a contractual obligation arising from other agreements between the parties independent from the Code of Conduct. Counterclaim ¶ 47.

Accordingly, Plaintiff's motion to dismiss is **DENIED**.

4. <u>Unjust Enrichment</u>

With respect to the unjust enrichment claim, Plaintiff makes the new argument that there is no such independent cause of action in California. Plaintiff is correct. *See, e.g.*, *Swanson v. US*

5

*Protect Corp.*, No. C 05-602 JF (HRL), 2007 WL 1394485, at *5 (N.D. Cal. May 10, 2007) (dismissing unjust enrichment claim because "there is no cause of action in California for unjust enrichment," but without prejudice to the plaintiff's ability to seek restitution based on other claims) (citing *Melchior v. New Line Prods, Inc.*, 106 Cal. App. 4th 779, 793 (2003) (noting that "there is no cause of action in California for unjust enrichment," and that unjust enrichment is "synonymous with restitution"; suggesting that restitution would be available under a quasi-contract theory)). However, a court may construe an "unjust enrichment" claim as ""an attempt to plead a cause of action giving rise to a right to restitution . . . in lieu of contract damages," such as "when an express contract was procured by fraud, is unenforceable, or is ineffective" or when a "plaintiff chooses to seek restitution on a quasi-contract theory instead of suing in tort." *See GA Escrow, LLC v. Autonomy Corp. PLC*, No. C 08-01784 SI, 2008 WL 4848036, at *7 (N.D. Cal. Nov. 7, 2008) (quoting *McBride v. Boughton*, 123 Cal. App. 4th 379, 337 (1st Dist. 2004)); *see also Gerlinger v. Amazon.Com, Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004) ("Under California law, unjust enrichment is an action in quasi-contract.") (citing *Paracor Fin. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir.1996)). Thus, as a practical matter, such a claim is not barred.

Plaintiff additionally argues that a complaint cannot assert unjust enrichment while simultaneously alleging breach of an express contract. *Gerlinger*, 311 F. Supp. 2d at 856 ("An action based on quasicontract cannot lie where a valid express contract covering the same subject matter exists between the parties") (internal citations omitted). However, "even though a plaintiff may not ultimately prevail under both unjust enrichment and breach of contract, it may plead both in the alternative." *Clear Channel Outdoor, Inc. v. Bently Holdings California LP*, C-11-2573 EMC, 2011 WL 6099394, at *9 (N.D. Cal. Dec. 7, 2011) (citing *Oracle Corp. v. SAP AG*, C 07-1658 PJH, 2008 WL 5234260, at *9 (N.D. Cal. Dec. 15, 2008) ("A defendant is not entitled to have a cause of action dismissed for failure to state a claim simply because it conflicts with another cause of action."); *Wolf v. Wells Fargo Bank, N.A.*, No. C11-1337 WHA, 2011 WL 4831208, at *8 (N.D. Cal. Oct.12, 2011) ("Restitution [under an unjust enrichment theory] may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable

1 or ineffective for some reason.") (additional citations omitted)). Plaintiff affirms in its opposition
2 brief that the unjust enrichment/quasi-contract claim is pled in the alternative. Opp. at 10.
3     Accordingly, Plaintiff's motion to dismiss this claim is **DENIED**.
4     5.    "Misappropriation"
5     Plaintiff next challenges a purported "misappropriation" claim by Defendant on the grounds
6 that it is preempted by the Copyright Act because it concerns copyrightable material. It is not clear
7 whether Plaintiff seeks to challenge Defendant's unjust enrichment, conversion, or negligent
8 interference with economic advantage claim with this argument, as Defendant does not explicitly
9 assert a misappropriation claim. Nonetheless, the Court rejected the same argument made by
10 Plaintiff with respect to Defendant's unjust enrichment claim in the last round of briefing.
11 Defendant clarifies in opposition that it "does not dispute that many of the files Plaintiff wrongfully
12 accessed were copyrighted material; however, as the Court has already acknowledged, Plaintiff *also*
13 accessed, without authorization and for his own benefit, numerous non-copyrighted documents
14 containing confidential, proprietary, and non-public information." Opp. at 10 (emphasis in original)
15 (citing Counterclaim ¶¶ 14, 16-17; Order at 10:14-19 ("Defendant points out that some of the
16 material involved is neither copyrightable nor related to publication of works in a way that might be
17 construed as relating to the interests of the Copyright Act. This material includes confidential data
18 such as social security numbers, addresses, and bank account information.")). Thus, as the Court has
19 already found, many of the documents at issue would fall outside Plaintiff's Copyright Act
20 argument.
21     In addition, the Court previously found that "to the extent Defendant's claims are based on
22 Plaintiff's unauthorized copyrighted material, such as use of Defendant's license and OnBase
23 software, it is still not clear at this point whether such claims would be preempted. For example,
24 '[m]ost courts have held that the Copyright Act does not preempt the enforcement of contractual
25 rights.'" Order at 10 (quoting *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089-90 (9th Cir.
26 2005) ("A state law tort claim concerning the unauthorized use of the software's end-product is not
27 within the rights protected by the federal Copyright Act.")). While factual development may reveal
28 that certain of Defendant's claims are preempted to the extent they rely on copyrightable material

and rights protected by the Copyright Act, Plaintiff provides no further argument or authority to change the Court's prior analysis at the pleading stage.[2] Plaintiff's motion to dismiss this claim is therefore **DENIED**.

6. UCL

Finally, the Court has already rejected Plaintiff's argument that Defendant failed to sufficiently allege a claim under the UCL. Order at 11 ("To the extent that Defendant states claims for statutory violations described above, those would also constitute unlawful business practices under the UCL not subject to Rule 9(b)."). Defendant confirms in opposition that it seeks to allege only "unlawful" claims under the UCL, rather than any claims based on the "unfair" prong. Opp. at 11. Accordingly, as discussed above, Defendant's viable causes of action provide bases for its UCL claim. Plaintiff's motion to dismiss this claim is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss is **DENIED**.

This Order disposes of Docket No. 69.

IT IS SO ORDERED.

Dated: August 29, 2012

_____
EDWARD M. CHEN
United States District Judge

---

[2] Indeed, Plaintiff's cited authority demonstrates only that a conversion claim is preempted under the Copyright Act when the claim is based on rights protected under the Act, such as the publishing of copyrighted material, not when the claim is based merely on possession of said material or violation of other rights not covered under the Act. *See, e.g.*, *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 502 (7th Cir. 2011) ("The conversion claim, then, is focused on the defendants' unauthorized publishing, not possession, of the protected work. Because publishing is a right under the Copyright Act, the conversion claim is preempted."). Defendant's counterclaim does not allege Plaintiff has published copyrighted material.