# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL WEINGAND,<br><br>Plaintiff,<br><br>v.<br><br>HARLAND FINANCIAL SOLUTIONS, INC., and DOES 1-10,<br><br>Defendants. | Case No. 11-cv-03109 EMC (NC)<br><br>**ORDER RE: DISCOVERY LETTERS CONCERNING DEPOSITION SCHEDULE**<br><br>Re: Dkt. Nos. 83, 85 |

This discovery dispute concerns the scheduling of depositions. The meet and confer process has been unsuccessful, and counsel cannot even agree as to whether they met and conferred. Plaintiff's counsel asserts that defendant's counsel has made "no attempt to meet and confer in person" concerning the dispute. Dkt. No. 85 at 1-2. Defendant's counsel, on the other hand, says "Defendant has met and conferred with Plaintiff in-person and extensively through letters." Dkt. No. 83 at 2.

Plaintiff's counsel wishes to delay the long-scheduled deposition of Scott Holmes from October 5, because counsel has a scheduling conflict in another federal case. Plaintiff's counsel also wishes to delay the defendant's noticed depositions of plaintiff Michael Weingand and his wife, Denise Weingand, from October 10 and 11, asserting that in March 2012 the parties agreed to a priority of the depositions. *See* Dkt. No. 23 at 5.

Plaintiff wants the Holmes deposition to occur first.

Unexplained in plaintiff's submission are (1) why one of the other two attorneys of record in the *Johnson v. United Continental Holdings* matter cannot appear before Judge Chesney on October 5, while attorney Dow Patten takes the Holmes deposition; (2) why another attorney at the Dow Patten firm cannot take the deposition of Holmes on October 5 if Mr. Patten is not available; and (3) what prejudice plaintiff will suffer in this case if the Holmes deposition takes place after the deposition of plaintiff and Mrs. Weingand.

If the parties are unable to resolve this discovery dispute through further communications among counsel, the Court will hold a discovery hearing on October 3, 2012, at 1:00 p.m. Telephonic appearances will not be permitted.

If a hearing is held, the Court will specifically inquire into two topics presented in the dueling letter briefs: (1) the candor of counsel in describing the meet and confer process; and (2) the "threatening messages" allegedly made by plaintiff's counsel to the legal assistant for defendant's counsel. The Court will consider all remedies permissible under the Federal Rules of Civil Procedure, including sanctions against client and counsel, in addressing these issues.

IT IS SO ORDERED.

Date: October 1, 2012

Nathanael M. Cousins
United States Magistrate Judge